IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| MARIA COSME-SANTOS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. CV-15-02072-PHX-BSB |
| CORIZON HEALTH, INC., | § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Maria Cosme-Santos hereby files this, her Original Complaint, against Defendant Corizon Health, Inc. for violations of the Fair Labor Standards Act ("FLSA").

### I. OVERVIEW

1. Defendant Corizon Health, Inc., failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not compensated for hours worked in excess of 40 in a workweek. Plaintiff routinely worked in excess of 40 hours per week, but was not paid time-and-one-half her regular rates of pay for those hours.

### II. PARTIES

2. Plaintiff Maria Cosme-Santos ("Plaintiff" or "Cosme") is an individual who resides in this judicial district and was employed by Defendant within the meaning of the FLSA. She hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

3. Defendant Corizon Health, Inc. ("Corizon" or "Defendant"), is a corporation authorized to do business, and is doing business, in the State of Arizona. Defendant can be served by and through its registered agent for service, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136; or CT Corporation System at 3800 N. Central Ave., Suite 460, Phoenix, Arizona 85012.

## III. JURISDICTION AND VENUE

4.  This Court has jurisdiction over Defendant because Plaintiff has asserted a claim arising under federal law.

5.  Venue is proper in the District of Arizona because the events forming the basis of the suit occurred in this District and one or more of the parties reside in this District.

## IV. COVERAGE

6.  At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.  At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8.  At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had an annual gross volume of sales made, or business done, of not less than $500,000.00, (exclusive of excise taxes at the retail level which are separately stated).

9.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

10. Plaintiff was employed by Defendant within the applicable statute of limitations.

## V. FACTUAL BACKGROUND

11. Defendant is a provider of correctional healthcare in the United States and does more than $500,000.00 each year in business.

12. Plaintiff was employed by Defendant at Defendant's location in Tempe, Arizona from approximately March 4, 2013 until January 30, 2015 when she was terminated by Defendant.

13. During the first several months of Plaintiff's employment, she was paid on an hourly basis. In approximately June 2013, Defendant made the willful decision to reclassify and treat Plaintiff as an employee exempt from the protections of the FLSA.

14. Under both pay schemes, Plaintiff was employed in a non-exempt capacity in that Plaintiff was employed to provide inmates' families with health status updates. In this capacity, Plaintiff did not exercise independent judgment and discretion in performing her job duties but relayed information from Defendant's agents to inquiring families. Plaintiff was responsible for other routine and nondiscretionary duties associated with providing Defendant's services to Defendant's clients and was not employed as a recognized professional.

15. Moreover, under both pay schemes, Plaintiff was regularly required to work in excess of forty hours in a given week but was not lawfully compensated. Plaintiff was not permitted to record and was not paid for all of her actual hours of work. Instead, Plaintiff was regularly required to work "off-the-clock" on Defendant's behalf. Additionally, Defendant required, suffered, and permitted Plaintiff to work through her meal breaks or interrupted the breaks such that she did not have a *bona fide* meal period. Consequently, Plaintiff regularly worked fifty hours, or more, during the weeks covered by this lawsuit.

16. Defendant was aware that it was understaffed and that Plaintiff was required to work these overtime hours. Defendant and its agents received multiple complaints regarding these excessive hours and unlawful compensation but chose to misclassify Plaintiff and deprive her of the

benefits of the FLSA rather than rectify the situation. Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff.

17. Plaintiff's counsel and Defendant's counsel entered into an agreement tolling the statute of limitations of this matter from April 8, 2015 until October 9, 2015. A true and correct copy of this agreement is attached as "Exhibit B."

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. During the relevant period, Defendant violated the provisions of Sections 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully by failing to pay Plaintiff in accordance with the law.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff the costs of this action;

c. For an Order awarding Plaintiff her attorneys' fees;

d. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff punitive damages for Defendant's willfully illegal conduct, (if applicable); and

f. For an Order awarding other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

                                Respectfully submitted by:

                                **/s/ Robert (Bobby) Lee**
                                **Robert (Bobby) Lee**
                                *Attorney in Charge*
                                Texas Bar No. 00787888
                                lee@l-b-law.com
                                **J. DEREK BRAZIEL**
                                *Co-Attorney in Charge*
                                Texas Bar No. 00793380
                                jdbraziel@l-b-law.com
                                **Megan Dixon**
                                State Bar No. 24079901
                                dixon@l-b-law.com
                                **J. FORESTER**
                                Texas Bar No. 24087532
                                forester@l-b-law.com

                                **LEE & BRAZIEL, LLP**
                                1801 N. Lamar Street, Suite 325
                                Dallas, Texas 75202
                                Tel: (214) 749-1400
                                Fax: (214) 749-1010

                                **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

DocuSign Envelope ID: D1322B62-56DB-4EAC-952E-898F5F41311E

# NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed.

*Maria Cosme*
Signature

2/13/2015
Date

Maria Cosme
Printed Name

# EXHIBIT B

## TOLLING AGREEMENT

This Agreement is made by and between Corizon Health, Inc. ("Corizon") on the one hand ("Defendant") and Madeline Carney, Maria Cosme, and Lori Mansell on the other hand ("Plaintiffs") (both sides collectively referred to as "Parties").

For good and sufficient consideration (refraining from immediately filing suit seeking the recovery of unpaid overtime wages and statutory damages, attorneys' fees and costs by Plaintiffs under the Fair Labor Standards Act and this tolling agreement by Defendant), the receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Tolling Provision.** No statute of limitations on any claim under the FLSA shall run against Plaintiffs and the same shall be tolled during the period of time while this Agreement is in effect. Neither party shall put forward, or rely upon, the period of time while this Agreement is in effect as a bar or laches or for any other purpose to defeat or reduce the claims made or to be made against Defendant under the FLSA. This paragraph does not apply to claims made to enforce this Agreement. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims or that jurisdiction for any claim exists.

2. **Duration.** This Agreement is effective on April 8, 2015, and shall terminate October 9, 2015, unless extended by written agreement of the Parties, signed by both Parties' counsel, and unless earlier canceled in writing by either party in writing.

3. **Use of Agreement.** Except as specifically stated, this Agreement shall not be deemed to constitute a waiver of any rights, claims or defenses of the Parties to this Agreement, nor shall it be deemed to limit or affect any defense based upon the statute of limitations, laches or any other time-based argument or time-based defense (whether equitable, statutory, contractual or otherwise) to the extent such defense could have been asserted on or before or after the effective date of this Agreement.

4. **Settlement and Mediation.** During the period this Agreement remains in effect, the parties agree to engage in *bona fide* settlement discussions to effect the possible resolution of Plaintiffs' claims. Such discussions may include mediation.

5. **Modification.** This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

6. **Successors.** This Agreement shall bind and benefit each of the Parties and their respective successors and assigns.

7.  **Governing law.** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas.

8.  **Execution of Counterparts.** Separate counterparts of this Agreement may be executed by the Parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

9.  **Authority to Bind.** Each Counsel executing this Agreement represents and warrants that he has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

10. **Confidentiality.** The Parties and their attorneys shall keep the terms of the Agreement confidential, and shall not disclose such terms to anyone unless required to disclose such information by court order or to enforce this Agreement.

11. **Notices.** Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means (if by email, recipient must confirm receipt within 3 days) as follows:

If to Plaintiffs, address to:

J. DEREK BRAZIEL
JAY FORESTER
LEE & BRAZIEL, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
jdbraziel@l-b-law.com
forester@l-b-law.com

If to Defendants, address to:

ELIZABETH S. WASHKO
OGLETREE DEAKINS
401 Commerce St., Suite 1200
Nashville, TN 37219
(615) 687-2229 phone
LIZ.WASHKO@OGLETREEDEAKINS.COM

DATED: September 11, 2015

For Plaintiffs

By: _____
J. Derek Braziel

Lee & Braziel, LLP

DATED: September 11, 2015

For Defendant (as defined above)

By: _____ with permission
Elizabeth S. Washko                    by Lynn Robertson

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.